**Lynn J. VANDERVEST and Rick E. Vandervest, Plaintiffs,**

v.

**WISCONSIN CENTRAL, LTD., State Farm Mutual Automobile Insurance Company, WEA Insurance Corporation, and An Unknown Insurance Carrier, Defendants.**

No. 96–C–677.

United States District Court, E.D. Wisconsin.

April 21, 1997.

Daniel D. Whetter, Green Bay, for Plaintiffs.

James A. Fletcher, Jennifer K. Muenchrath, Oppenheimer, Wolff & Donnelly, Minneapolis, MN, for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Presently before the court is the motion of defendant Wisconsin Central, Ltd. ["WCL"] to compel discovery. The motion will be denied.

### I. FACTUAL BACKGROUND

The following facts are relevant to WCL's motion. In this diversity action, the plaintiffs assert a state law personal injury claim arising out of an automobile accident between the automobile driven by Lynn Vandervest and a train owned and operated by WCL. The plaintiffs seek compensatory damages caused by WCL's alleged negligent operation, control, maintenance, inspection and repair of its train as well as its alleged negligence in failing to follow up on complaints it received regarding the railroad crossing in question and punitive damages.

On January 27, 1997, WCL deposed the plaintiffs. At their depositions, the plaintiffs testified that they had been contacted by an employee of WCL some time in March 1996 who claimed to have information related to their claims. The plaintiffs testified that this employee had also contacted their attorney.

Despite the plaintiffs' testimony, the plaintiffs did not disclose the identity of the WCL employee who had contacted them and their attorney in response to the mandatory interrogatories and interrogatories propounded by WCL under Rule 33, Federal Rules of Civil Procedure. These interrogatories asked the plaintiffs to disclose the identity of persons with knowledge of the facts alleged in the complaint and or the basis of the plaintiffs' claims.

### II. ANALYSIS

Local Rule 7.07 requires all plaintiffs, with exceptions not relevant here, to answer a number of mandatory interrogatories including the following (emphasis added):

(i) Identify by full name, address, and telephone number all witnesses *presently known* with knowledge of any fact alleged in the complaint. For each witness, summarize the facts which the witness knows.

(ii) Describe or produce for inspection (see FRCP 33(c)) each document or report which you contend supports your claims.

In addition, the interrogatories propounded by WCL under Rule 33, Federal Rules of Civil Procedure, ask the plaintiffs to disclose the identity of persons with knowledge of WCL's alleged negligence and the basis for the plaintiffs' claim for punitive damages.

WCL argues that the plaintiffs' responses to the mandatory interrogatories and the Rule 33 interrogatories were deficient in that they failed to identify the WCL employee who contacted the plaintiffs and their attorney. WCL maintains that the name of the employee and the information provided by this employee including documents, if any, are discoverable under Rule 26(b)(1), Federal Rules of Civil Procedure.

The plaintiffs do not deny that the information sought by WCL is relevant and therefore discoverable under Rule 26(b)(1). However, they contend that the information in question was not disclosed because that information is unknown. According to the affidavit of Daniel Whetter, the plaintiffs' attorney, Attorney Whetter received a telephone call from a person claiming to be an employee of WCL with information bearing on the plaintiffs' claims. Attorney Whetter states that he does not know the name of this person or how to contact him because the alleged employee refused to identify himself or to provide a telephone number or address at which he could be contacted. (Whetter Aff. ¶¶ 7–11 .) Attorney Whetter also testifies in his affidavit that his clients do not know the name, address or phone number of the person claiming to be a WCL employee and have no way of confirming whether the person is, in fact, an employee of the railroad. (Whetter Aff. ¶ 7.)

Finally, Attorney Whetter states that he received one document in the mail from an anonymous person but did not produce it in response to the interrogatories because he is unable to determine from the document itself whether it is authentic or whether it even relates to the facts of this case. Because he has no evidence to believe the document is authentic or even germane to the issues of this case, Attorney Whetter states he cannot base the plaintiffs' claims on the document. Attorney Whetter provided the court with a copy of the document in question for purposes of determining whether he was required to produce it in response to WCL's interrogatories.

 In my opinion, the plaintiffs did not improperly withhold discoverable information. Local Rule 7.07 obligates the plaintiff to identify only those witnesses who are "presently known." The evidence produced by the plaintiffs demonstrates that the plaintiffs and their attorney do not know the identity of the WCL employee. There is no evidence in the record to contradict this proof. For the same reason, the plaintiffs could not have identified the WCL employee in response to the interrogatories submitted by WCL under Rule 33. Moreover, because the plaintiffs do not contend that the document received via the mail supports their claim, they were not required under Local Rule 7.07 to produce or describe it.

Rule 26(b)(1), permits "discovery of any matter, . . . relevant to the subject matter involved in the pending action . . ." In view of the plaintiffs' denial of the identity of the author of the document received via the mail, I am unable to conclude that the document is relevant to the subject matter involved in this case and should have been disclosed in response to WCL's Rule 33 interrogatories.

 For the reasons discussed above, I will deny WCL's motion to compel. Pursuant to Rule 37(a)(4), Federal Rules of Civil Procedure, the losing party shall be required to pay the other side's expenses "unless the court finds that the making of the motion was substantially justified or that other circumstances make the award of expenses unjust." In his affidavit, Attorney Whetter testified that he did not disclose to defense counsel "the fact that [he] didn't know the identity of the witness on January 27, 1997, [during the plaintiffs' deposition]" for strategical purposes. (Whetter Aff. ¶ 14.) Thus, it appears that the discovery dispute may have been avoided had the plaintiffs' attorney made prompt disclosure of this fact. However, it also appears that counsel for WCL did not personally consult with Attorney Whetter after the January 27, 1997, deposition in order to resolve their differences concerning discovery of the WCL employee as required under Local Rule 6.02.

Based on the circumstances of this case, I find that an award of expenses in favor of the plaintiffs under Rule 37(a)(4)(B), would be unjust. Accordingly, each side will bear its own costs and expenses associated with the instant motion to compel.

Therefore, IT IS ORDERED that WCL's motion to compel be and hereby is denied.

IT IS ALSO ORDERED that each side will bear its own costs and expenses, including attorney's fees, associated with WCL's motion to compel.